Wesley H. Avery, Esq. CLS-B (SBN 155724)
Lucy A. Mavyan (SBN 260811)
**LAW OFFICES OF WESLEY H. AVERY, APC**
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
(626) 395-7576 (office)
(661) 430-5467 (fax)

FILED & ENTERED

FEB 15 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

Attorney for Plaintiff John J. Menchaca, chapter 7 trustee

*Fortis est veritas*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FELIX ANIBAL DIAZ and CECILIA GIRON DIAZ, husband and wife,<br><br>Debtors.<br><br>SSN xxx-xx-9282 and xxx-xx-0987<br><br>JOHN J. MENCHACA, Chapter 7 Trustee of FELIX ANIBAL DIAZ and CECILIA GIRON DIAZ, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>JOHANNA OLIVARES, an individual; and Does 1-20,<br><br>Defendants. | Case No. 2:18-bk-17781-ER<br>Chapter 7<br>Adv. No. 2:18-ap-01273-ER<br><br>**JUDGMENT**<br><br>**[Lodged concurrently with Order]**<br><br>Date:   February 13, 2019<br>Time:  10:00 a.m.<br>Place:  U.S. Courthouse<br>            Courtroom 1568<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

**IN SAID DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE ASCRIBED BELOW:**

The motion for default judgment (the "Motion") filed on January 15, 2019 as document 25 in 2:18-ap-01273-ER (the "Adversary Proceeding") by plaintiff John J. Menchaca, the duly appointed and acting chapter 7 trustee (the "Plaintiff" or "Trustee") of the bankruptcy estate (the

"Estate") of Felix Anibal Diaz and Cecilia Giron Diaz, husband and wife (the "Debtors"), having been granted, and with good cause appearing, the Court hereby renders its judgment based on the following findings of fact.

1. The Debtors commenced the Bankruptcy Case by filing a chapter 7 voluntary petition (the "Petition"), Schedules (the "Schedules") and Statement of Affairs (the "Statement of Affairs") on July 6, 2018 (the "Petition Date").

2. Defendant Johanna Olivares, an individual (the "Defendant" or the "Daughter"), is the daughter of the Debtors and an insider.

3. The following real property is located in the Central District of California and constitutes property of the Estate: that duplex (the "DUPLEX") commonly known as 11119 S. Doty Avenue, Inglewood CA 90303 bearing Los Angeles County, California Assessor's Parcel Number 4033-015-024 whose legal description is as follows:

> Real property in the City of Inglewood, County of Los Angeles, State of California, described as follows: LOT 275 OF TRACT NO. 1615, AS PER MAP RECORDED IN BOOK 20, PAGE 104 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT THE SOUTH 86 FEET THEREOF;

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(a) and § 157(b)(2)(A), (B), (E), (F), (H), (K) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant adversary proceeding is related to the Bankruptcy Case which is a case under Title 11 of the U.S. Code.

5. By a deed of trust recorded on or about October 12, 2017 in Los Angeles County as document # 20171168256 (the "Second Deed of Trust") in which the beneficiary is the Defendant and the trustors are the Debtors that was presumably accompanied by a promissory note (the "Promissory Note") that was never produced by the Debtors to the Plaintiff, the Debtors transferred (the "Transfer") for no consideration the Promissory Note and a security interest in the DUPLEX in the amount of $325,000. A true and correct copy of the Second Deed of Trust is attached to the Motion as Exhibit F. According to Schedule D, the balance on the Promissory Note secured by the Second Deed of Trust is $324,000.00 as of the Petition Date. When recorded by the Los Angeles

County Recorder, the Second Deed of Trust recites that it was to be mailed to the address at the DUPLEX, not to the Defendant's mailing address.

6. At an initial meeting of creditors in the Bankruptcy Case held on August 9, 2018 that was continued until August 22, 2018, the Debtors gave material false oaths and accounts in pertinent part as follows:

   a. That the Debtors signed their Schedules and Statement of Affairs;

   b. That they read their Schedules and Statement of Affairs before they signed them;

   c. That the Debtors understood the information contained in their Schedules and Statement of Affairs;

   d. That the Debtors were familiar with the information contained in their Schedules and Statement of Affairs;

   e. That the information contained in the Debtors' Schedules and Statement of Affairs was true and correct;

   f. That there are no errors or omissions in their Schedules and Statement of Affairs that the Debtors wish to correct;

   g. That the Defendant paid the Debtors $325,000 "two years ago" that was used in part to pay medical bills;

   h. That the Debtors would supply the Trustee with a copy of the "check" (the "Check") that constitutes evidence of the payment of the aforesaid $325,000 from the Defendant to the Debtors;

   i. That the Defendant is but a friend of the Debtors; and

   j. When asked again by the Trustee as to their relationship with the Defendant, the Debtors reiterated that the Debtors are not related to the Defendant and again stated that the Defendant is but a friend.

7. A copy of the Check was never furnished to the Plaintiff.

8. The Schedules and Statement of Affairs signed under penalty of perjury by the Debtors are materially false as follows:

    a. The Transfer is not disclosed in the Statement of Affairs.

    b. Schedule D falsely states that the Debt was incurred in 2016, that its amount as of the Petition Date is $324,000 and that the Debt is undisputed.

9. The Debtors 2017 Tax Return does not reflect any payments by the Debtors to the Defendant on the Debt.

10. The DUPLEX constitutes all or substantially all of the Debtor's non-exempt assets.

11. The DUPLEX had valuable equity for the benefit of the Debtors' creditors as of the date of the Transfer and as of the Petition Date.

12. The Debtors were insolvent when the Transfer was made or became insolvent as a result of the Transfer. The Debtors retained possession of the Duplex after the Transfer.

13. The Debtors were sued by Deutsche Bank National Trust Company ("Deutsche Bank") in San Bernardino Superior Court on or about February 14, 2017 for a breach of contract in the amount of $153,873.76 on a $320,000 promissory note made by the Debtors on or about July 5, 2006 (the "Deutsche Bank Claim") in an action styled <u>Deutsche Bank v. Diaz</u>, SBSC Case No. CIVDS1701711 (the "State Court Lawsuit"). The Debtors represented themselves *pro se* in the State Court Lawsuit and had defaulted on written discovery propounded by that plaintiff at the time of the Transfer. The Deutsche Bank Claim is listed in Schedule F as non-contingent, liquidated and undisputed in the amount of $200,000.

14. Deutsche Bank is an unsecured creditor of the Estate that holds an allowable claim under 11 U.S.C. § ("Section") 502 that was also a creditor of the Debtors at the time of the Transfer which is voidable under the California Uniform Fraudulent Transfer Act. **WHERFOR**, with good cause appearing, it is

**ORDERED, ADJUDGED AND DECREED** that the Transfer is avoided pursuant to: (i) Section 548(a)(1)(A), (ii) Section 548(a)(1)(B)(i) and (ii)(I), (iii) Section 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07-09, and (iv) Section 544(b) and Cal. Civ. Code §§ 3439.05 and

1  3439.07-09 as an actual and constructive fraudulent transfer; and it is further

2  **ORDERED, ADJUDGED AND DECREED** that the Promissory Note and the Second Deed of Trust are recovered for the benefit of the Estate under Section 550, and the Promissory Note and the Second Deed of Trust are preserved and assigned to the Trustee under Section 551; and it is further

3  **ORDERED, ADJUDGED AND DECREED** that the Trustee holds all right, title and interest under the Promissory Note and the Second Deed of Trust, which constitute a perfected, consensual security interest in the DUPLEX as of the Petition Date that secures an amount due and owing to the Estate in the amount of $324,000 that bears no interest from the Petition Date.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

###

Date: February 15, 2019

Ernest M. Robles
United States Bankruptcy Judge